DECISION
Pursuant to a remand from the Supreme Court, this Court makes the following findings of fact. The hiatus occurring in the issuance of this Decision was precipitated by the parties advice that they were attempting to resolve their differences. It now appears that settlement is not forthcoming, thus the issuance of this Decision.
1. The filing and dismissal of the Involuntary Petition in Bankruptcy filed against Osteo-Technology International, Inc. (OTI) occurred on July 23, 1993 and April 5, 1994, respectively.
2. The filing and dismissal of the Involuntary Petition in Bankruptcy filed against Implant Technology, Inc. (ITI) occurred on April 30, 1993 and April 6, 1994, respectively.
3. Prior to the filing of the Involuntary Petition in Bankruptcy against OTI which was filed on July 23, 1993, John A. Roberts, Vice-President and General Counsel of OTI and ITI, claimed that OTI owned the property.
4. At about the time of the filing of the Involuntary Petition in Bankruptcy against OTI on July 23, 1993, John A. Roberts, Vice-President and General Counsel of OTI and IT, claimed that ITI was the owner of the property. Thus, conflicting representations were made as to which company owned the property. The Court finds that there was an intent by John A. Roberts to protect the property from the ITI bankruptcy by claiming that the property was OTI's, and that after OTI was petitioned into bankruptcy, there was no need to further try to protect the property and, therefore, then claimed the property belonged ITI. The Court, therefore, will order the property to be returned to OTI and ITI subject to paragraph 7 of this Decision.
5. The Court finds that the costs and counsel fees incurred by the plaintiff, and previously awarded to the plaintiff, should be affirmed due to the fact that it was due solely to the actions of John A. Roberts, Vice-President and General Counsel of OTI and ITI, or the lack thereof that plaintiff was required to spend the time and the money it did in an effort to turn the property over to its rightful owner by virtue of the filing of the Interpleader Action.
6. The Court finds that although an Involuntary Petition in Bankruptcy had been filed against ITI prior to the filing of the Interpleader Action, that the Interpleader Action was not subject to any automatic stay provision as to OTI or Tulane, was effective against OTI and Tulane, and that no prejudice occurred against either OTI, ITI, or Tulane. Further, OTI and ITI had notice and an opportunity to answer or defend and did attempt to defend by the actions of John A. Roberts. The Court notes that the Interpleader Action was filed some three plus months prior to the Involuntary Petition in Bankruptcy being filed against OTI and that default was entered against OTI after the dismissal of that Involuntary Bankruptcy Petition. Thus, even if an automatic stay was in place for the duration of the time that OTI was subject to the Involuntary Bankruptcy Petition, no violation of that automatic stay occurred.
7. The Court finds that the plaintiff is released from all liability relative to the property and that OTI and ITI shall release, indemnify and hold harmless the plaintiff from any and all claims that may be made against plaintiff as a result of the plaintiff turning the property over to OTI and ITI.